IN THE MATTER OF SEWARD J. PARKS,
ATTORNEY AT LAW.

No. 3456

September 11, 1947.                          184 P.2d 355.

*Thomas J. D. Salter* and *Seward J. Parks* in pro per.,
both of Las Vegas, for Petitioner.

*Harvey Dickerson,* of Las Vegas, and *John R. Ross,* of
Carson City, for Respondent State Bar of Nevada.

## OPINION

By the Court, BADT, J.:

Pursuant to section 34 of the state bar act of January
31, 1928, section 573 N.C.L., the local administrative
committee of the state bar for the counties of Clark and
Lincoln, on April 12, 1945, initiated disciplinary proceed-
ings against Seward J. Parks, a member of the state bar

of Nevada, by filing and serving upon him a notice to show cause why he should not be disbarred, suspended or reproved "for aiding and abetting an unlicensed person to practice law in violation of Rule III of the Rules of Professional Conduct of the State Bar of Nevada." An answer was filed and a hearing had, pursuant to which the local administrative committee made and filed specific findings of fact supporting the charge as made and unanimously recommended suspension for a period of six months. A trial de novo was had before the board of governors of the state bar, which made similar findings and recommended his suspension for a period of three months, that he be prohibited from the practice of law either directly or indirectly during the period of his suspension and that he be suspended until the further order of the court. Within sixty days thereafter, Parks filed in this court his petition for review in which he maintained that the findings were unwarranted by the evidence and that the conclusions of law were not warranted by the findings and that certain errors had occurred in the hearings, and prayed "that this proceeding be dismissed in its entirety and, if this cannot be done, that he be given a reprimand or (be) suspended for a period not to exceed thirty days. * * *"

It appears that one A. J. Schur maintained an office in Las Vegas and held himself out to be a business and tax consultant. He had been licensed to practice law in several states, but was not licensed to practice in Nevada. The petitioner, who rented office space from Schur, knew these facts and knew that Schur held himself out to different people as an attorney authorized to practice in Nevada, and had heard that Schur possessed a rather unenviable reputation in Las Vegas. Schur drew a complaint on behalf of a real estate dealer in Las Vegas seeking recovery of an unpaid commission, obtained the verification and presented it to the petitioner, who thereupon signed and filed it as the plaintiff's attorney, but without ever having seen or consulted with

or advised the plaintiff. Any such consultations and advice with the plaintiff were had by Schur.

The foregoing in brief is the situation, although the testimony, both before the local administrative board and before the board of governors, comprises many pages. At several points in the proceedings the petitioner and his attorney made statements both to the local administrative board and to the board of governors amounting to a plea of guilty of violating the provisions of rule III of the rules of professional conduct of the state bar, which rule reads as follows: "Rule III. A member of the State Bar shall not * * * directly or indirectly aid or abet an unlicensed person to practice law or to receive compensation therefrom."

■ No purpose will be served in reviewing the evidence. We are satisfied that such evidence supports the findings of both the committee and the board and our own conclusion, upon an independent review of the record, that petitioner violated the above rule.

Petitioner was sixty-seven years old at the time of the hearing before the committee. He must now be sixty-nine. He is in ill health and partly disabled. He has been admitted to practice in this state since 1923. No other disciplinary action has heretofore been taken against him. His attorney maintains that he is the victim of the attempt of the local bar to strike at the improper practices of Schur. The testimony shows that a number of reputable attorneys in Las Vegas had from time to time employed Schur's services, although no impropriety in such employment was developed by the evidence. It was indicated, on the other hand, that the particular case presented by the local administrative committee was not the only one in which Parks, by lending his name to pleadings, had aided and abetted Schur in the latter's unlawful practice of the law in this state.

■ We mention these facts without further discussion or elaboration. Although both parties filed briefs, neither the petitioner nor his attorney made an appearance at the time set for the oral argument before this

court. Mr. Ross, arguing the case on behalf of the state bar, presented the matter fairly in the absence of the petitioner and his attorney. It is the first case presented to this court involving disciplinary action on this particular charge. Although the offense is grave, we are inclined to leniency rather than severity under the circumstances. To put into effect an order of suspension operative until the further order of the court and requiring the petitioner in due course to file a petition for reinstatement and to support the same with evidence of his good conduct in the interim, would, in view of his age, his ill health, and his distance from this court, impose an unnecessary hardship.

It is ordered that petitioner be suspended from practicing law in all of the courts of this state for a period of thirty days from the date of the entry of this order.